UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

JOSE MARTINEZ-DIAZ,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

Civil Action No. 5:25-076-KKC

**MEMORANDUM OPINION
AND ORDER**

***    ***    ***    ***

Federal inmate Jose Martinez-Diaz filed a *pro se* civil complaint in which he objects to the sufficiency of the medical care he received from the Federal Bureau of Prisons ("BOP") while incarcerated and thus asserts a claim against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"). [*See* R. 1]. The United States has filed a motion asking the Court to either dismiss Martinez-Diaz's FTCA claim or, alternatively, grant summary judgment in its favor. [*See* Rs. 10, 11, and 12]. Martinez-Diaz responded in opposition to the United States' motion [Rs. 14 and 19], and the United States filed a reply brief in support of it [R. 15]. Therefore, this matter is ripe for a decision. For the reasons set forth below, the Court will deny the United States' motion without prejudice to its ability to reassert the motion at the appropriate time. The Court will then refer this case to a United States Magistrate Judge for further proceedings, including the start of discovery.

I.

Martinez-Diaz alleges in his complaint that he entered the federal prison system in 2018 with a doctor's prescribed order for the lifetime use of a continuous positive airway pressure

("CPAP") machine due to multiple medical issues, including severe sleep apnea and hypopnea. [*See* R. 1 at 2]. Martinez-Diaz discusses his health condition and use of a CPAP machine at length before alleging that, in March of 2022, he began "having problems with the BOP over his CPAP machine." [*Id.* at 7]. Martinez-Diaz then alleges that "[t]his is where the BOP took [his] CPAP machine from him." [*Id.*]. Martinez-Diaz says that he asked for the CPAP machine back, but prison officials denied his request. [*See id.* at 7-8].

Martinez-Diaz further alleges that, in late November of 2022, he was transferred to a different federal prison, where a medical provider specifically indicated that he did, in fact, need a CPAP machine. [*See id.* at 8]. However, Martinez-Diaz alleges that, in December of 2022 and February of 2023, he repeatedly asked officials at the new prison for the CPAP machine, but his requests were denied. [*See id.* at 8-9].

Martinez-Diaz suggests that his health worsened because he did not have access to a CPAP machine. [*See id.* at 9]. Indeed, Martinez-Diaz alleges that he developed congestive heart failure and pulmonary edema as a result and was hospitalized in March of 2023. [*See id.*]. Martinez-Diaz says that he spent 18 days in an intensive care unit, was subsequently discharged, and then returned to the hospital due to "bilateral fluid in the lungs and other issues." [*Id.* at 9-10]. Martinez-Diaz later returned to prison, though he suggests his health problems persisted. [*See id.* at 10-15].

Eventually, in July of 2024, Martinez-Diaz filed an administrative tort claim with the BOP in which he claimed that he now has "deadly Pulmonary Edema and Congestive Heart Failure . . . due to the BOP taking his [CPAP] machine." [R. 10-2 at 1]. It appears that the BOP did not respond to Martinez-Diaz's submission, and, as a result, he refiled his administrative tort claim. [R. 10-5 at 1]. Then, having still not received a response, Martinez-Diaz went ahead and filed this

lawsuit in which he asserts a FTCA claim against the United States and is seeking money damages. [*See* R. 1].

The United States responded to Martinez-Diaz's complaint by filing a motion asking the Court to either dismiss his FTCA claim or, alternatively, grant summary judgment in its favor. [*See* Rs. 10, 11, and 12]. The United States argues that Martinez-Diaz's complaint is untimely and otherwise "fails the applicable requirements of the FTCA." [R. 10 at 2-7]. The parties have fully briefed the United States' motion [Rs. 10, 11, 12, 14, 15, 19], and, thus, it is ripe for a decision.

## II.

As an initial matter, the Court will treat the United States' motion as one for summary judgment because it has attached and relied upon various documents and a declaration extrinsic to the pleadings. *See* R. 10 at 14 (acknowledging this point); *see also* Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Ultimately, the Court will deny the United States' motion without prejudice because granting summary judgment would be premature at this early, pre-discovery stage in the litigation.

## A.

Despite the United States' argument to the contrary, it is not readily apparent that Martinez-Diaz's complaint is untimely. The United States is correct that a plaintiff is generally required to present his tort claim in writing to the appropriate federal agency within two years after the claim accrued. *See* 28 U.S.C. § 2401. The United States argues that Martinez-Diaz's claim accrued in March of 2022, when he alleges that the BOP first took away his CPAP machine. [*See* R. 10 at 5-6]. The United States therefore suggests that Martinez-Diaz was required to present his tort claim in writing to the BOP within two years of that time—i.e., by no later than March of 2024. [*See id.*

at 6-7]. Since Martinez-Diaz did not file his administrative tort claim with the BOP until July of 2024, the United States argues that his FTCA claim is time-barred. [*See id.* at 7].

The timeliness issue, however, is complicated by the fact that Martinez-Diaz alleges that, as his medical condition was changing (and presumably deteriorating), he continued to ask different prison officials at different federal prisons in different states for a CPAP machine, albeit to no avail. [*See* R. 1 at 7-11]. Indeed, the United States acknowledges in its own motion that, according to Martinez-Diaz, "he requested Health Services return his CPAP machine on at least four occasions: March 28, 2022; December 16, 2022; February 27, 2023; and March 23, 2023." [R. 10 at 5 (citing R. 1 at 8-11)]. These allegations raise substantive questions as to when, precisely, Martinez-Diaz's FTCA claim accrued. For example, the allegations suggest that Martinez-Diaz may be complaining about continual unlawful acts allegedly committed by different prison officials in different places at different times, as opposed to simply complaining about continual ill effects he suffered from an original violation that allegedly occurred in March of 2022. *See Edison v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (indicating that a plaintiff's claim may be timely if he is complaining about "continual unlawful acts" rather than "continual ill effects from an original violation"). Given the lack of comprehensive briefing on this aspect of the timeliness question, as well as the fact that the parties have not engaged in discovery (and, thus, do not support their arguments with citations to properly introduced medical records), the Court cannot yet determine precisely when Martinez-Diaz's FTCA claim accrued. As a result, the United States' argument that the claim is time-barred is, at best, premature.

B.

The United States's arguments regarding the merits of Martinez-Diaz's FTCA claim are likewise unavailing at this early stage in the litigation. The United States repeatedly emphasizes

4

that Martinez-Diaz has not supported his allegations with substantive evidence, especially expert testimony. [*See* R. 10 at 10, 13-16]. But Martinez-Diaz has not yet had the opportunity to do so.

The United States is correct that, under Kentucky law, which is applicable here, a plaintiff is generally required to put forth expert testimony to establish the relevant standard of care, any breach of that standard, causation, and the resulting injury. *See Crafton v. Quintana*, No. 6:19-cv-229-GFVT, 2021 WL 354409, at *3 (E.D. Ky. Feb. 2, 2021) (citing *Blankenship v. Collier*, 302 S.W.3d 665, 667, 675 (Ky. 2010), and *Jackson v. Ghayoumi*, 419 S.W.3d 40, 45 (Ky. Ct. App. 2012)). And the Kentucky courts have said, "To survive a motion for summary judgment in a . . . case in which a medical expert is required, the plaintiff must produce expert testimony or summary judgment is proper." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). As the United States points out, Martinez-Diaz has not yet offered expert testimony to support his claim.

However, it would be premature to resolve Martinez-Diaz's FTCA claim at this point. After all, the United States Court of Appeals for the Sixth Circuit has said, "The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citations omitted). Here, Martinez-Diaz has not yet had the opportunity to engage in *any* discovery, and, as a *pro se* prisoner, it is not clear that he has been able to obtain all his relevant medical records. [*See* R. 1 at 15 (in which Martinez-Diaz states that his allegations are based on "the records [he] has been able to obtain")]. In short, the United States' arguments regarding the substance of Martinez-Diaz's FTCA claim are premature. *See also Crafton*, 2021 WL 354409, at *3 (likewise allowing a *pro se* prisoner to proceed to discovery on his FTCA claim despite the United States's arguments regarding the need for expert testimony to support the claim); *Lytle v. United States*, No. 5:18-cv-059-KKC-HAI, at R. 35 at 7-9 (E.D. Ky. Oct. 23, 2018) (the same).

5

III.

In light of the foregoing analysis, it is **ORDERED** as follows:

1.  The United States' motion to dismiss or, in the alternative, for summary judgment [R. 12] is **DENIED** without prejudice to its right to reassert the motion at the appropriate time, after the parties have had the chance to engage in discovery.

2.  Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3.  The Clerk's Office shall **ASSIGN** this matter to a Magistrate Judge.

Dated: January 26, 2026.

**Signed By:**

_**Karen K. Caldwell**_

**United States District Judge**

6